# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| LENFORD HOLLOWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:05-cv-023-RLY-WGH |
| | ) | |
| BAKERY, CONFECTIONERY, TOBACCO | ) | |
| WORKERS AND GRAIN MILLERS (BCTGM) | ) | |
| LOCAL UNION 280 (UNION) LEWIS | ) | |
| BROS. INC. OF INDIANA (LEWIS), | ) | |
| | ) | |
| Defendants. | ) | |

## Entry Discussing Defendants' Motions for Summary Judgment

### I. Background

Plaintiff Lenford Hollowell ("Hollowell") alleges that defendant Lewis Bros. Inc. of Indiana ("Lewis") breached a collective bargaining agreement ("CBA") and that defendant Bakery, Confectionery, Tobacco Workers and Grain Millers, Local Union No. 280 ("Union"), breached its duty of fair representation, in violation of the Labor Management Relations Act ("LMRA"). The defendants filed motions to dismiss asserting that the complaint was not timely filed and that even if it had been timely filed, the complaint failed to state a claim upon which relief can be granted. The defendants' motions to dismiss relied on materials outside the pleadings, and therefore were converted to motions for summary judgment. The plaintiff has opposed the defendants' motions.[1]

Having considered the motions for summary judgment and Hollowell's responses thereto, and being duly advised, the court finds that, although one argument is unpersuasive, each motion for summary judgment must be **granted.**

---

[1]"Summary judgment is appropriate where the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Westra v. Credit Control of Pinellas,* 409 F.3d 825, 827 (7th Cir. 2005) (quoting Rule 56(c) of the *Federal Rules of Civil Procedure*). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.*

## II.  Discussion

The facts as related in this Entry are undisputed for purposes of the defendants' motions based on the pleadings and the expanded record, and specifically on the portions of that record which comply with the requirements of Rule 56(e), and are construed in the manner most favorable to Hollowell as the non-movant.

### A.     Statute of Limitations

The plaintiff's claims are brought pursuant to Section 301 of the LMRA, 29 U.S.C. § 185, and are subject to a six month statute of limitations.  *DelCostello v. International Broth. of Teamsters,* 462 U.S. 151, 169-72 (1983) (hybrid cases against both the employer for breach of contract and against the union for breach of duty of fair representation are governed by six month statute of limitations); *Chapple v. National Starch and Chemical Co. and Oil*, 178 F3d. 501, 505 (7th Cir. 1999).  "[A] Section 301 'cause of action accrues from the time a final decision on a plaintiff's grievance has been made or from the time the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, that no further action would be taken on his grievance.'" *Chapple*, 178 F.3d at 505 (quoting *Richards v. Local 134, Int'l Bhd. of Elec. Workers*, 790 F.2d 633, 636 (7th Cir. 1986)).

On June 12, 2004, Hollowell filed a grievance with Lewis asserting that he had been denied the opportunity to trade hours with a straight-time employee. Lewis denied Hollowell's grievance in writing on June 15, 2004.  On July 19, 2004, the Union, through its Business Agent Dennis Howard, decided not to pursue the grievance to arbitration and no further action was taken. The defendants contend that the statute of limitations began to run in this case on July 19, 2004, because Hollowell knew or should have known that final action was to be taken on his grievance that night.

Hollowell's claim accrued no later than "the date [he was] notified that the union was not going to pursue [his] grievance[ ]." *Id.* The defendants do not present any evidence as to when Hollowell was *notified* of the Union's decision not to pursue his grievance. Hollowell submitted with his complaint a copy of a letter from Business Agent Dennis Howard dated August 11, 2004, notifying Hollowell that on July 19, 2004, the Local 280 Executive Board met and voted not to proceed with his grievance to arbitration. The letter noted that although Hollowell was invited to attend the July 19 meeting, he did not appear.  Hollowell was not present at the meeting and there is no evidence that he was informed of the decision that evening. Indeed, no admissible evidence shows that Hollowell was made aware of the Executive Board's decision prior to receiving Mr. Howard's letter of August 11, 2004.[2]

---

[2]Hollowell argues that his claim did not accrue until he received a letter dated August 24, 2004, from International President Frank Hurt in response to Hollowell's "appeal" to Mr. Hurt.  In that letter, Mr. Hurt informed Hollowell that charges must be heard by the Local Executive Board pursuant to the International Constitution. Lewis contends that the

The court finds that under these circumstances it was not unreasonable for Hollowell to wait approximately three weeks to receive written notice as to the Union's decision. Hollowell was notified that the Union was not going to pursue his grievance on or after August 11, 2004. This action was filed on January 28, 2005, which is within six months of August 11, 2004. Accordingly, Hollowell's complaint was timely filed. The defendants' motions for summary judgment on the basis of timeliness must be **denied**.

## B.     The Merits of Hollowell's Claims

Hollowell alleges that the Union breached its duty of fair representation by refusing to pursue his grievance to arbitration. To establish that the Union breached its duty, Hollowell must show that it took action that was arbitrary, discriminatory or in bad faith. *Air Line Pilots Ass'n v. O'Neill*, 499 U.S. 65, 67 (1991).  Hollowell argues that the Union acted arbitrarily and in bad faith by refusing to pursue to his grievance. A court's review of whether a union acted arbitrarily in deciding not to pursue a grievance is "highly deferential." *Id.* at 78. A union's actions are arbitrary only if they are "so far outside a wide range of reasonableness as to be irrational."  *Filippo v. Northern Ind. Public Serv. Corp.,* 141 F.3d 744, 749 (7th Cir. 1998) (internal quotations omitted).

Hollowell further alleges that on June 9, 2004, Lewis breached the CBA when it refused to allow him to work the next day in place of another production employee with comparable skill and experience.  Hollowell alleges that he thereby lost the opportunity to earn 8 hours of overtime pay that week.

Lewis denied Hollowell an opportunity to work in place of another employee because it would have caused Hollowell to qualify for overtime pay. Hollowell contends that this violated Article 1 of the CBA. Article 1 of the CBA, however, merely sets forth the "Purpose of the Agreement," and contains no substantive provision applicable to the claims in this case.

Article 4, Section 2 of the CBA provides that Lewis has the right to manage its plant and direct its working force, including the right to schedule work and to assign work and working hours to employees.  It is a general policy of Lewis not to utilize an employee at an overtime rate when there is a straight time employee available. Lewis does not permit an employee on straight time to trade off with another employee for his convenience who would then have to be paid overtime.

Hollowell has failed to present evidence which creates a genuine issue of fact that Lewis violated any provision of the CBA. It follows under these circumstances that the

---

"appeal" submitted by Hollowell to Mr. Hurt was not permitted nor contemplated by the Union Constitution and therefore has no bearing on when the statute of limitations began to run. The court need not consider whether such an appeal was proper because it finds that the action was timely filed based on the date that Hollowell received written notice of the Local Executive Board's decision not to pursue the grievance.

Union did not act unreasonably, much less arbitrarily, or in bad faith, in refusing to pursue Hollowell's grievance to arbitration. *Ooley v. Schwitzer Div., Household Mfg., Inc.*, 961 F.2d 1293, 1304 (7th Cir. 1992) (an employee cannot prevail on a fair representation claim based on the union's failure to process a grievance if the employee's underlying contract claim lacks merit). "In a 'hybrid 301' suit, the employee's claim against the union and his claim against the employer are interlocked: neither claim is viable if the other fails." *Crider v. Spectrulite Consortium, Inc.*, 130 F.3d 1238, 1241 (7th Cir. 1997). Accordingly, the defendants are each entitled to summary judgment.

### III.  Conclusion

"After one party has filed a motion for summary judgment, `the burden shifts to the non-moving party to show through specific evidence that a triable issue of fact remains on issues [on] which the nonmovant bears the burden of proof at trial.'" *Pharma Bio, Inc. v. TNT Holland Motor Express, Inc.,* 102 F.3d 914, 916 (7th Cir. 1996) (quoting *Walker v. Shansky,* 28 F.3d 666, 670-71 (7th Cir. 1994)).  The non-movant fails to demonstrate a genuine issue for trial "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party . . . ."  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).  In this case, Hollowell has failed to come forward with evidence creating a disputed question of material fact as to whether the defendants violated his rights pursuant to the LMRA. The defendants are entitled to judgment as a matter of law. Accordingly, the defendants' motions to dismiss, having been converted into motions for summary judgment, must be **granted** as to the merits of Hollowell's claims.

The defendants' requests for attorney's fees are **denied.**  The defendants' requests for costs are **granted.** *Fed. R. Civ. P.* 54(d).  Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: ___03/06/2006___

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana